UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | **ORDER** |
| RUBY HANDLER-JACOBS, | 16 Cr. 800 (PGG) |
| Defendant. | |

PAUL G. GARDEPHE, U.S.D.J.:

On October 10, 2018, this Court issued a judgment as to Defendant Ruby Handler-Jacobs (Dkt. No. 236), as well as an Order of Restitution in the amount of $14 million. (Dkt. No. 237)  In the Judgment, this Court did not waive interest as to restitution.  (Judgment (Dkt. No. 236) at 6)

On January 31, 2023, Handler-Jacobs filed a pro se motion requesting that this Court amend the Judgment to waive interest as to restitution.  (Dkt. No. 317)  Handler-Jacobs asserts that this Court's failure to waive interest constitutes a "clerical error," noting, inter alia, that this Court waived interest on the restitution order imposed on her husband and co-defendant, Michael Jacobs.  (Id. at 3-5)  The Government does not oppose Handler-Jacobs's request, and it acknowledges that "interest was waived for the defendant's husband and codefendant," and states that "there does not appear [to] be any intention by the Court during the September 14, 2018 sentencing proceeding that interest be charged."  (Govt. Feb. 2, 2023 Ltr. (Dkt. No. 319))

The sentencing transcript (Dkt. No. 234) is silent as to whether interest will accrue on the restitution award.  That issue is typically addressed on the judgment, and not at sentencing unless raised by a party.

Here, this Court's decision to waive interest as to the restitution order for Michael Jacobs – but not as to the restitution order for Handler-Jacobs – was intentional and does not reflect a "clerical error."

Although they are spouses, the two Defendants are not similarly situated in all respects. At Michael Jacobs's sentencing, this Court found that he

> has a long history of anxiety and depression which has resulted in in-patient treatment on multiple occasions since 1993. In preparation for sentencing I have reviewed a psychological evaluation prepared by Dr. Sanford Drob. Dr. Drob states that Mr. Jacobs is a "psychologically handicapped individual who has suffered and continues to suffer from widening clinically severe psychological symptoms that include recurrent episodes of depression, anxiety, mood swings, problems distinguishing fantasy from reality[,] and symptoms of post traumatic stress."

(May 17, 2018 Jacobs Sentencing Tr. (Dkt. No. 205) at 27-28) Handler-Jacobs presented none of the mental health issues seen in her husband.

The difference in mental capacity was relevant to the issue of whether interest should be imposed on the restitution award.

Handler-Jacobs and her husband defrauded investors of approximately $14 million. (Id. at 25; Sept. 14, 2018 Handler-Jacobs Sentencing Tr. (Dkt. No. 234) at 32) At Handler-Jacobs's sentencing, this Court noted that most of the $14 million was "transmitted by investors to bank accounts controlled by Ms. Handler-Jacobs and her husband, and then rapidly transmitted to [Co-Defendant Rienzi] Edwards overseas where [the funds] could not be recovered." (Sept. 14, 2018 Handler-Jacobs Sentencing Tr. (Dkt. No. 234) at 32) Defendant Edwards remains a fugitive, and the monies fraudulently obtained by Handler-Jacobs and her husband were never recovered.

Given Michael Jacobs's diminished mental state, there seemed little chance – at the time of sentencing – that he would reconnect with Defendant Edwards and obtain access to the fraud proceeds.  But Handler-Jacobs suffers from no such mental defects.

Given these circumstances, this Court chose to waive interest on restitution for Michael Jacobs, but not for Handler-Jacobs.

Accordingly, Handler-Jacobs's motion to amend the Judgment is denied.

The Clerk of Court is directed to terminate the motion.  (Dkt. No. 317)

Dated: New York, New York
       June 3, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge